UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


WILLIAM BURNS and SANDRA BURNS
On behalf of their minor child, JANE DOE,

        Plaintiffs,

                                  CIVIL ACTION NO: 25-CV-10275-GAO

v.


BELLINGHAM PUBLIC SCHOOLS,
THE TOWN OF BELLINGHAM,
HESRICK RICHARDS, GEENA RICHARDS,
H.R., and EDEL COLON, OSCAR COLON, and JC.

        Defendants.


**REPLY MEMORANDUM OF DEFENDANTS H.R.,
HESRICK RICHARDS, AND GEENA RICHARDS IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS**


Now come the Defendants H.R., Hesrick Richards, and Geena Richards, the Parents of H.R., (collectively "Richards Defendants"), pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and 12(b)(1), and hereby respectfully submit this reply memorandum in further support of their Motion to Dismiss.

Plaintiffs' opposition misstates the governing pleading standard and fundamentally misapplies Massachusetts law on assault, intentional infliction of emotional distress ("IIED"), and parental liability. Even accepting all well-pleaded factual allegations as true, the Second Amended Complaint fails to state any plausible claim for relief under Rule 12(b)(6).

1

**I. RULE 12(b)(6) Requires Plausibility, Not Possibility**

Plaintiffs repeatedly invoke the outdated "no set of facts" formulation from *Conley v. Gibson*, 355 U.S. 41 (1957). That Standard was abrogated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive dismissal, a complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory allegations, characterizations of conduct as "menacing," and speculation about what a jury would infer cannot satisfy this requirement.

**II. Count XII (Assault) Fails as a Matter of Law**

This case involves the second branch of assault under Massachusetts law, which requires that the **victim perceive or apprehend the defendant's objectively menacing conduct**, not merely hear about it secondhand. Plaintiffs concede that no threat was ever communicated directly from H.R. to Jane or that she was present when those statements were made. Instead, they argue that statements allegedly made to third parties, "I want to rape Jane," can support assault because he "knew or should have known" that Jane would hear about them. This argument is speculative and stretches Massachusetts law beyond recognition.

Massachusetts recognizes **two distinct standards for assault**. The first is an attempted battery, where the defendant takes a direct step toward harmful or offensive contact. The second, which applies here, requires that the **victim herself actually perceive or apprehend the defendant's objectively menacing conduct**. Gorassi, 432 Mass. 244, 247-48; McEntee, 685 F. Supp. 3d at 48. The apprehension must arise from conduct that is both immediately threatening and objectively menacing.

Here, the alleged statements were:

1. Not made to Jane;

2. Not accompanied by contemporaneous threatening conduct; and

3. Devoid of any indication of imminence.

Even if Jane later heard of the statements and became afraid, that is insufficient. As Gorassi makes clear, **he must intend to put the victim herself, not a third party, in fear of imminent bodily harm**. Plaintiffs cite no Massachusetts case recognizing that an indirect, secondhand report constitutes actionable assault. Reliance on Restatement § 21 is misplaced; Massachusetts applies § 21 only where the defendant's conduct is **directed at the plaintiff** and **immediate**. Musgrave, 38 Mass. App. Ct. 519.

Count XII therefore fails as a matter of law.


**III**. **Count XIII (Intentional Infliction of Emotional Distress) is Likewise Deficient**

Even assuming the alleged comments occurred, Plaintiffs fail to plead facts establishing each required element.

1. Intent/Knowledge:

   IIED requires conduct "intended to cause, or done with knowledge that it is substantially certain to cause, emotional distress." *Agis v. Howard Johnson Co*., 371 Mass. 140, 145 (1976). Statements made to others, without any allegation that H.R. intended Jane to hear them cannot satisfy this requirement. *Quinn v. Walsh*, 49 Mass. App. Ct. 696, 707 (2000), recognizes liability only where distress is a foreseeable and direct consequence, not where it depends on the actions of third parties.

2. Extreme and Outrageous Conduct:

Massachusetts courts consistently limit IIED to conduct **"beyond all possible bounds of decency."** Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 466 (1997). Here, the alleged statements, even if repeated, reflect **expressions of desire rather than an actual threat of imminent harm**. They are verbal, not accompanied by physical proximity or overtly menacing acts. Courts have repeatedly declined to extend IIED liability to **"mere insults, indignities, [or] threats,"** even when offensive. Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987). The repetition of these statements does not transform them into extreme or outrageous conduct. The remarks demonstrate a reprehensible desire, **not an intent to act or threaten imminent harm**, and therefore fail to satisfy the high threshold required for IIED.

3. Causation and Severity:

Plaintiffs' conclusory references to anxiety, humiliation, and a change of schools do not plausibly demonstrate distress "so severe that no reasonable person could be expected to endure it." *Agis*, 371 Mass. at 145. No medical or factual detail is alleged linking H.R.'s alleged words to lasting harm.

For these reasons Count XIII fails as a matter of law.


**IV. Count XIV (Vicarious/Parental Liability) Is Barred as a Matter of Law**

Plaintiffs misread Mass. Gen. Laws ch. 231, § 85G. The statute imposes limited strict liability, capped at $5,000, for the willful acts of a child aged 7 to 18. It does not create unlimited vicarious liability, nor does it establish an agency relationship between parent and child. Kerins v. Lima, 425 Mass. 108 (1997), confirms this narrow scope.

Even if § 85G applied, Plaintiffs fail to allege any facts concerning H.R.'s age, emancipation, or the nature of the alleged willful act. Further, § 85G provides a cause of action directly against parents, not vicariously through theories of negligence or agency. Because Plaintiffs allege neither the required facts nor a legally sufficient theory of liability, Count XIV fails both factually and legally.

**V. Conclusion**

For all the foregoing reasons, the Second Amended Complaint fails to state any cognizable claim against the Richards defendants and as such the court should dismiss Counts XII, XIII, and XIV with prejudice.

Respectfully submitted,
H.R., Hesrick Richards, & Geena Richards
By their Attorney,

/s/Angelina Bruce-Flounory
Angelina Bruce-Flounory, Esq.
Law Office of Angelina Bruce-Flounory
671851
400 Granite Avenue Milton, MA 02186
(617) 592-1865
Dated 11/10/2025                     Attyflounory@yahoo.com

5

## **CERTIFICATE OF SERVICE**

I, Angelina Bruce-Flounory, hereby certify that a true copy of the above document was served electronically upon the attorneys of record for each party on November 10, 2025, as a registered ECF participant and paper copies will be sent to those identified as non-registered participants on the 10th day of November 2025.

Law Office of Angelina Bruce-Flounory
400 Granite Avenue Milton, MA 02186
(617) 592-1865
Attyflounory@yahoo.com


/s/Angelina Bruce-Flounory
Angelina Bruce-Flounory