UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM BURNS, and SANDRA BURNS, on
behalf of their minor child, JANE DOE,

     *Plaintiffs,*

v.

BELLINGHAM PUBLIC SCHOOLS, THE
TOWN OF BELLINGHAM, HESRICK
RICHARDS, GEENA RICHARDS, H.R., and
EDEL COLON, OSCAR COLON, and J.C.,

     *Defendants.*

No. 25-cv-10275-GAO

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS BY DEFENDANTS HESRICK RICHARDS, GEENA RICHARDS, H.R.

LEVENSON, U.S.M.J.

### INTRODUCTION

On October 31, 2025, Defendants H. R., Geena Richards, and Hesrick Richards (the "Richards Defendants") moved for dismissal of all claims asserted by Plaintiffs William Burns and Sandra Burns on behalf of their minor child, Jane Doe. Docket No. 43. On January 15, 2026, the Richards Defendants filed a supplemental memorandum in support of their motion to dismiss, stating additional grounds under which their claims should be dismissed. Docket No. 67. Seven days later, Plaintiffs filed a stipulation of dismissal without prejudice as to the Richards Defendants (Docket No 69), and the Richards Defendants were subsequently terminated as

Defendants in the matter.[1] Judge O'Toole has referred this matter to me for report and recommendation on dispositive motions. Docket No. 29.

More than fourteen days have elapsed since the filing of the Stipulation of Dismissal and the termination of the Richards Defendants, and no objection has been filed as to either filing. In the absence of any objection, I find that Plaintiffs' dismissal of the claims against the Richards Defendants renders the Richards Defendants' pending motion to dismiss moot, and I recommend that the Court deny it as such.

CONCLUSION

For the forgoing reasons, I recommend that the Court DENY AS MOOT the Richards Defendants' motion to dismiss (Docket No. 43).

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: February 10, 2026

---

[1] Rule 41 of the Federal Rules of Civil Procedure states that a Plaintiff may voluntarily dismiss an action without a court order by filing "a stipulation of dismissal *signed by all parties who have appeared*." Fed. R. Civ. P. 41 (emphasis added). The stipulation of dismissal filed by Plaintiffs was signed by Plaintiffs and the Richards Defendants only, and not by the other defendants in the matter. *See* Docket No. 69. That said, no other party has objected to the dismissal and the Court has terminated the Richards Defendants in the docket for this case.

<u>NOTICE OF RIGHT TO OBJECT</u>

In accordance with Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, the parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b) or Federal Rule of Criminal Procedure 59(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).