UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM BURNS, and SANDRA BURNS, on behalf of their minor child, JANE DOE,<br><br>*Plaintiffs,*<br><br>v.<br><br>BELLINGHAM PUBLIC SCHOOLS, THE TOWN OF BELLINGHAM, HESRICK RICHARDS, GEENA RICHARDS, H.R., and EDEL COLON, OSCAR COLON, and J.C.,<br><br>*Defendants.* | No. 25-cv-10275-GAO |

**REPORT AND RECOMMENDATION ON MOTION
TO DISMISS BY DEFENDANTS HESRICK
RICHARDS, GEENA RICHARDS, H.R.**

LEVENSON, U.S.M.J.

INTRODUCTION

On October 31, 2025, Defendants H. R., Geena Richards, and Hesrick Richards (the "Richards Defendants") moved for dismissal of all claims asserted by Plaintiffs William Burns and Sandra Burns on behalf of their minor child, Jane Doe. Docket No. 43. On January 15, 2026, the Richards Defendants filed a supplemental memorandum in support of their motion to dismiss, stating additional grounds under which their claims should be dismissed. Docket No. 67. Seven days later, Plaintiffs filed a stipulation of dismissal without prejudice as to the Richards Defendants (Docket No 69), and the Richards Defendants were subsequently terminated as

Defendants in the matter.[1] Judge O'Toole has referred this matter to me for report and recommendation on dispositive motions. Docket No. 29.

More than fourteen days have elapsed since the filing of the Stipulation of Dismissal and the termination of the Richards Defendants, and no objection has been filed as to either filing. In the absence of any objection, I find that Plaintiffs' dismissal of the claims against the Richards Defendants renders the Richards Defendants' pending motion to dismiss moot, and I recommend that the Court deny it as such.

## CONCLUSION

For the forgoing reasons, I recommend that the Court DENY AS MOOT the Richards Defendants' motion to dismiss (Docket No. 43).

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: February 10, 2026

---

[1] Rule 41 of the Federal Rules of Civil Procedure states that a Plaintiff may voluntarily dismiss an action without a court order by filing "a stipulation of dismissal *signed by all parties who have appeared*." Fed. R. Civ. P. 41 (emphasis added). The stipulation of dismissal filed by Plaintiffs was signed by Plaintiffs and the Richards Defendants only, and not by the other defendants in the matter. *See* Docket No. 69. That said, no other party has objected to the dismissal and the Court has terminated the Richards Defendants in the docket for this case.