**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE

2026 MAR -6  AM 10: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

| |
|---|
| WILLIAM BURNS, and SANDRA BURNS, on behalf of their minor child, JANE DOE, <br><br> Plaintiffs, <br><br> v. <br><br> BELLINGHAM PUBLIC SCHOOLS, THE TOWN OF BELLINGHAM, and EDEL COLON, OSCAR COLON, and J.C. <br><br> Defendants. |

Civil Action No. 1:25-cv-10275-GAO

**COLON DEFENDANTS' MOTION TO DISMISS FOR**
**LACK OF SUBJECT MATTER JURISDICTION**

NOW COME the Defendants, J.C. and her parents, Edel and Oscar Colon, proceeding

*pro se*, and respectfully request that the Court dismiss the claims against the Defendants for lack

of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), incorporating by reference

herein the arguments made in the supplemental briefing by co-defendants H.R. and his parents.

INTRODUCTION

Defendants J.C. and her parents bring this motion in response to issues raised by Judge

Levenson during the hearing on January 13, 2026. At its core, this action is directed against the

school itself, rather than any claims that meaningfully concern or implicate the families involved.

The allegations against J.C. and her parents arise from a separate transaction or occurrence than

the claims against the school.  All of the town's alleged acts or omissions postdate J.C's conduct,

and whether the town failed to appropriately respond to reports made by Jane Doe is not

predicated on whether those allegations actually occurred. Moreover, none of the discovery that

will be the focus of the claims against the school will involve what J.C. actually did—it will

concern what the town knew or didn't know at the time of the alleged reports, and what they did or did not do in response. In short, the claims against the school and the claims against J.C. do not share the same common nucleus of operative fact.

ARGUMENT

J.C. is a private individual sued solely on state-law tort claims of assault, battery, and intentional infliction of emotional distress, and the claim against her parents is purely derivative of J.C.'s alleged conduct. As pleaded, J.C.'s conduct forming the basis for Counts VIII, IX, and X occurred prior to the alleged failure by the school or Town to adequately respond to reports by Jane Doe. The federal claims, by contrast, arise from later, discrete institutional decisions governed by different legal standards, including alleged deliberate indifference under Title IX and municipality liability under § 1983. Because none of the evidence relevant to J.C. would advance resolution of the federal claims or present independent federal questions, and because her parents' liability is purely derivative, they do not form part of the same case or controversy under 28 U.S.C. § 1367(a). At most, the alleged conduct supplies background context, which is insufficient to confer supplemental jurisdiction. Even if minimal overlap were found, the Court should decline to exercise supplemental jurisdiction because that is still insufficient to establish a common nucleus of operative fact.

A court must dismiss an action whenever it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Supplemental jurisdiction exists only where state-law claims form part of the same "case or controversy" as claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). Claims must arise from a "common nucleus of operative fact"; mere background or narrative overlap is insufficient. *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998).

This Court lacks supplemental jurisdiction under § 1367(a) because the claims against J.C. are chronologically antecedent and legally independent from the federal claims asserted against the school and municipal defendants. J.C.'s alleged "punching…slapping…pushing…and kneeing" occurred prior to any alleged institutional failure giving rise to the federal claims. Likewise, the claims against J.C.'s parents present no independent federal question and instead depend entirely on J.C.'s conduct, which was complete before any alleged institutional failure by school. None of the evidence relevant to J.C. and her parents will advance the adjudication of the federal claims. At most, the allegations against J.C. and her parents provide background context. Seemingly recognizing commonalities in the relative timeline of events and actors involved is insufficient to establish a common nucleus of operative fact.

The claims brought against J.C. and her parents raise allegations that would necessitate a separate discovery plan, as the information obtained in discovery pertaining to these claims would not substantively contribute to the adjudication of the claims brought against Defendants Bellingham Public Schools and the Town of Bellingham. The state law claims against J.C. require proof of her alleged "punching…slapping…pushing…and kneeing," which is entirely distinct from evidence required to prove the federal claims against the school and municipal defendants regarding their response to the alleged reports made by Jane Doe. Whether or not J.C. actually assaulted Jane Doe has no bearing on whether the school appropriately responded to reports of those allegations.

In the alternative, this Court should decline to exercise supplemental jurisdiction under § 1367(c) because the state law tort claims against J.C. and her parents would substantially

dominate, require credibility-intensive proceedings, and materially complicate discovery and trial, while doing nothing to advance resolution of the federal claims against the school.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss all claims against J.C. and her parents for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), or in the alternative, decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

Dated: March 6, 2026

Respectfully submitted,

/s/ J.C.

J.C., *pro se*
99 Patricia Drive
Bellingham, MA 02019
(508)-250-7168
edel89@yahoo.com

/s/ Edel Colon

Edel Colon, *pro se*
99 Patricia Drive
Bellingham, MA 02019
(508)-250-7168
edel89@yahoo.com

/s/ Oscar Colon

Oscar Colon, *pro se*
99 Patricia Drive
Bellingham, MA 02019
(508)-250-9916
Oscarcolon90@gmail.com

## CERTIFICATE OF SERVICE

I, Edel Colon, hereby certify that on March 6, 2026, I filed the above Motion to Dismiss by delivering a paper copy to the Clerk of the Court's office to be uploaded to CM/ECF. Once uploaded to the CM/ECF, the document will be sent electronically to the registered participants as identified on the NEF, and paper copies will be sent to those indicated as non-registered participants on March 6, 2026.

/s/ J.C.

J.C. , *pro se*
99 Patricia Drive
Bellingham, MA 02019
(508)-250-7168
edel89@yahoo.com

/s/ Edel Colon

Edel Colon, *pro se*
99 Patricia Drive
Bellingham, MA 02019
(508)-250-7168
edel89@yahoo.com

/s/ Oscar Colon

Oscar Colon, *pro se*
99 Patricia Drive
Bellingham, MA 02019
(508)-250-9916
Oscarcolon90@gmail.com